Jahan v. Sessions

BIA
Segal, IJ
A200 939 239

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of April, two thousand seventeen.

PRESENT:
        JOHN M. WALKER, JR.,
        PETER W. HALL,
        DEBRA ANN LIVINGSTON,
            *Circuit Judges.*

_____

SHAH JAHAN,

        *Petitioner,*

        v.                                    15-4078
                                              NAC
JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,

        *Respondent.*

_____

FOR PETITIONER:          Amy Nussbaum Gell, Gell & Gell,
                         New York, N.Y.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Paul
                         Fiorino, Senior Litigation Counsel;
                         Judith R. O'Sullivan, Trial
                         Attorney, Office of Immigration

Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shah Jahan, a native and citizen of Bangladesh, seeks review of a November 18, 2015, decision of the BIA, affirming a June 10, 2014, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shah Jahan,* No. A200 939 239 (B.I.A. Nov. 18, 2015), *aff'g* No. A200 939 239 (Immig. Ct. N.Y. City June 10, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and

oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made) . . . ." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Jahan was not credible as to his claim that Awami League members beat him on account of his membership in the Bangladesh Nationalist Party, and that he feared detention and persecution based on false charges filed against him in Bangladesh.

The agency reasonably relied on inconsistencies between Jahan's testimony and his earlier sworn statements during a credible fear interview. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). As an initial matter, the agency did not err in finding reliable the record of Jahan's interview. He did not raise any objection to its contents. And the interview was conducted with an interpreter, the questions posed were designed to elicit details of Jahan's asylum claim, and the responses Jahan provided did not indicate that he was reluctant to answer questions. *See Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009).

At his credible fear interview, Jahan testified that Awami League members beat him on eight occasions. However, at his hearing, he testified inconsistently that he was beaten on only four occasions. When given an opportunity to explain his

3

interview statement that he had been beaten eight times, Jahan claimed that he had been discussing incidents during which he was threatened but not beaten, as well as the four times he was beaten. The IJ was not compelled to credit that explanation because, for example, Jahan had an opportunity to clarify that he had been beaten only four times later in his interview, but he did not do so. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

In addition, Jahan testified that he fears returning to Bangladesh because unidentified individuals lodged a false criminal complaint against him. Jahan's omission of this claim from his written statement further undermined his credibility. *See Xiu Xia Lin*, 534 F.3d at 166 n.3 ("An inconsistency and an omission are . . . functionally equivalent."). He did not provide a compelling explanation for this omission. *See Majidi*, 430 F.3d at 80. Nor could he explain why his father sent certain evidence from Bangladesh, but failed to send evidence he purportedly possessed regarding the false charges. *See id.*

Given these inconsistencies that relate directly to the bases of both Jahan's claim of past harm and his fear of future harm, the totality of the circumstances supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That determination is dispositive of

4

asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).*

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

* The Government incorrectly argues that Jahan waived his withholding of removal and CAT claims. The adverse credibility determination, which Jahan challenges, served as the agency's only basis for denying those forms of relief.